**Frank A. PERRELLI, Plaintiff–Appellant,**

v.

**GATEWAY COMMUNITY COLLEGE, Defendant–Appellee.**

No. 02–7521.

United States Court of Appeals, Second Circuit.

Jan. 23, 2003.

Frank A. Perrelli, East Haven, CT, for Appellant, pro se.

Nyle K. Davey, Assistant Attorney General, (Richard Blumenthal, Connecticut Attorney General, on the brief), Hartford, CT, for Appellee.

PRESENT: LEVAL, CABRANES, Circuit Judges and CAROL BAGLEY AMON,* District Judge.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, two thousand and three.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Plaintiff Frank A. Perrelli is a frequent litigant before this Court.[1] Perrelli appeals from an order of the District Court dismissing his claim that defendant Gateway Community College discriminated against him in violation of the Americans With Disabilities Act (ADA) by not letting him take classes at the college and by calling the police whenever he set foot on campus.

The District Court, in a judgment entered on April 16, 2002, dismissed Perrelli's claim for failure to prosecute after Perrelli: (1) failed to file with the Court a report detailing the results of a discovery conference that was ordered to occur within 30 days of April 27, 2001; (2) failed to respond to the Court's June 28, 2001 notification that the case would be dismissed if the report was not filed within 10 days thereafter; (3) failed to respond to the Court's September 24, 2001 order, which gave plaintiff until October 22, 2001 to show cause why his case should not be dismissed as a sanction for failure to comply with its previous orders;[2] and (4) ignored the Court's subsequent November 15, 2001 order, which gave defendant until November 30, 2001 again to show cause why his case should not be dismissed.

On April 23, 2002, Perrelli filed a timely notice of appeal, and on September 13, 2002, he submitted a letter brief that consisted of five lines.[3] Perrelli's brief fails to notify the Court or defendant what issues are being appealed and on what grounds, as required by Fed. R.App. P. 28(a). Even excusing this inadequacy and giving this *pro se* litigant the benefit of every doubt, and construing Perrelli's appeal to

---

* The Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

1. A review of the computer docketing records in both the District of Connecticut and the Court of Appeals for the Second Circuit reveal that plaintiff has filed 44 cases in the District of Connecticut and has brought six appeals before this Court.

2. On October 30, 2001, Perrelli filed a motion for a thirty-day extension of time in which to comply with the Court's request. The request was denied, and Perrelli took no further action.

3. The entirety of Perrelli's Brief reads as follows:

> I WENT AND WAS GIVEN A GOVERNMENT GRANT.
> THEN TOOK A BLOOD TEST.
> WAS GRANTED A ADMISSION
> BUT WAS TOLD I COULD NO ATTEND
> VIOLATED MY RIGHT UNDER THE AMERICAN WITH DISABILITIES ACT.

Pl.'s Br. at 1.

assert that the District Court abused its discretion under Fed.R.Civ.P. 41(b) by dismissing plaintiff's action *sua sponte* for failure to comply with the Court's orders or for failure to prosecute, *see Baffa v. Donaldon, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 62 (2d Cir.2000), Perrelli's appeal must be found wanting.

In considering the factors relevant to whether dismissal for non-compliance or failure to prosecute is appropriate, *see Baffa*, 222 F.3d at 63, it is clear that the District Court did not abuse its discretion. Plaintiff failed at least four separate times to comply with court orders over a period of seven months. Plaintiff's noncompliance caused prejudice to the defendant, which was forced to defend a protracted action against a plaintiff who showed no regard for the applicable rules and orders of the Court, and has never fully explained his conduct. The Court gave plaintiff a second, third, and fourth chance to rescue his action after his initial noncompliance, and it was only after it was clear to the Court that no sanction less severe than dismissal would be effective that the Court dismissed the action. Under these circumstances, the District Court's dismissal of plaintiff's claim was proper, and was not an abuse of discretion.

For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**